**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Twin City Pipe Trades Service Association, Inc., a Minnesota nonprofit corporation

Plaintiff,

vs.

RJ Mechanical, Inc.,

Defendant.

Civil File No. 00-CV-1923 RHK/RLE

**ORDER**

---

This matter came before the Court on November 1, 2000, on Plaintiff's motion for default judgment against Defendant RJ Mechanical, Inc. ("RJ Mechanical"). William A. Cumming appeared for Plaintiff. No one appeared for Defendant.

Based on all the files, records, and proceedings in this matter, and being fully advised in the premises,

IT IS ORDERED that Plaintiff Twin City Pipe Trades Service Association, Inc. have and recover from Defendant RJ Mechanical, the amount of $6,626.96, which represents $3,661.14 of unpaid fringe benefit contributions and liquidated damages, $867.82 in interest, and $2,098.00 for reasonable costs and attorneys' fees.

IT IS FURTHER ORDERED that Defendant RJ Mechanical is enjoined and required to post a bond in favor of Plaintiff Twin City Pipe Trades Service Association, Inc., approved by the Service Association Board, or deposit cash, in the amount of $60,000.00, conditioned and sufficient to pay all the benefit payments due for a period of at least three (3) months in advance.

FILED NOV 1 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD NOV - 1 2000
DEPUTY CLERK

IT IS FURTHER ORDERED that Defendant RJ Mechanical is further permanently enjoined and required to make its benefit contributions once a week not later than three (3) working days, excluding Saturday, Sunday, and holidays, after the close of the weekly period for which contributions are due.

THERE BEING NO JUST REASON FOR DELAY
LET JUDGMENT BE ENTERED ACCORDINGLY

Dated: 11/1/00

By ______________________
Judge of the United States District Court

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995